## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| KRISTY MERTZ,<br>          Plaintiff<br><br>v.<br><br>AMERICAN CORADIUS<br>INTERNATIONAL, LLC,<br>          Defendant | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.    The United States Congress has found there is abundant evidence of

abusive, deceptive, and unfair debt collection practices by many debt

collectors, and has determined that abusive debt collection practices

contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy.  Congress

drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(hereinafter "FDCPA"), with the goal to eliminate abusive collection

practices utilized by debt collectors, to insure that those debt collectors

who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

4.  Venue is proper in this District because Plaintiff resides here, Defendant conducts business here and the transactions and occurrences that are the subject of this complaint occurred here.

## PARTIES

5.  Plaintiff, Kristy Mertz is a natural person who resides in the Town of Jim Thorpe, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2

6.      Defendant, American Coradius International, LLC (hereinafter referred to as "ACI"), is a corporation, with its corporate headquarters located at 2420 Sweet Home Road, Suite 150, Amherst, NY 14228.

7.      At all times relevant to this Complaint, Defendant ACI transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff, Mertz is alleged to have incurred a certain financial obligation.

9.      The alleged obligation was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a credit card debt.

10.     Due to circumstances beyond her control, Plaintiff allegedly fell behind on said obligation and became unable to make her monthly payments.

11.     Plaintiff's account was assigned, sold or otherwise transferred to Defendant ACI for collection.

12.     On or around October 20, 2010, Defendant via telephone contacted Plaintiff's mother, Louise Mertz.   Said telephone call was a

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C § 1692a(2).

13. During the telephone calls placed to Plaintiff's mother, Defendant stated that it had an important and confidential message for Kristy Mertz.

14. Defendant then proceeded to state in its telephone call to Plaintiff's mother that the call was from "ACI, a debt collection company" and was an attempt to collect a debt.

15. At no point during the telephone call to Plaintiff's mother did the Defendant or its agent/employee state the call was to confirm or correct location information concerning the Plaintiff.

16. Section 1692c's strict limitations on third party contacts make it one of the FDCPA's most important protections.   According to the Senate report:

> [T]his legislation adopts an extremely important protection . . . it prohibits disclosing the consumer's personal affairs to third persons.  Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives or employer.  Such contacts are not legitimate collection practices and result in serious invasions of privacy.  S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696.

17. Upon learning of the telephone calls from Defendant to her mother, Plaintiff experienced extreme anxiety and embarrassment.

18. Plaintiff was very disturbed that Defendant disclosed her personal financial hardships to her mother.

19. Defendant's communication with Plaintiff's mother was not made in an effort to obtain or confirm location information about the Plaintiff, but rather to harass, oppress and abuse Plaintiff into making a payment.

20. Plaintiff never provided Defendant with permission to contact her mother with respect to the alleged debt.

21. Defendant through its communication with Plaintiff's mother violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(10), 1692e(11), 1692f and 1692f(1) amongst others.

22. While attempting to collect the alleged debt from Plaintiff, Defendant utilized collection tactics that are abusive, harassing and deceptive; and that are contrary to the standards of civilized society and those of other collection agencies in its industry.

23.   As a direct and proximate result of Defendant's illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

## TRIAL BY JURY

24.   Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

25.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.   The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27.   As a result of each of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

28.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.  Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA.

30.  Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

31.  All of the above contacts by Defendant were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

32.  The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCEUA and UTPCPL,

including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (b) Failing to state that the collector is confirming or correcting location information about a consumer when contacting a third party;

   (c) Stating that the consumer owes any debt when contacting a third party;

   (d) Contacting a third party more than once when attempting to acquire location information;

   (e) Without the prior consent of the consumer placing telephone call at any unusual place or time;

   (f) Without the prior consent of the consumer placing telephone calls to third parties;

   (g) Communicating with any person other than the consumer for a purpose other than acquiring location information;

   (h) The placement of telephone calls without meaningful disclosure of the caller's identity;

(i) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(j) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

34. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES

## ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendant's actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY

## ACT (FCEUA)

### 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND

## CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

10

- For an order declaring that the Defendant's actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the Defendant from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a).

Respectfully submitted,

Dated: November 12, 2010

**RAPA LAW OFFICE, P.C.**

By:

Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Kristy Mertz, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _11-17-10_

Kristy Mertz